PER CURIAM.
The Department of Children and Families (DCF) petitions this court for a writ of prohibition challenging the circuit court’s jurisdiction to enter an order in a guardianship proceeding.
*600 A mother initiated guardianship proceedings for her adult son who is cognitively impaired and autistic. The court appointed the mother as his guardian. Recently, she has had difficulty controlling him, and his treating physicians have recommended that he be placed in a group home. The mother applied to DCF for developmental services. To expedite the evaluation process, the circuit court entered an order requiring DCF to determine whether the ward is eligible for developmental services assistance, to notify counsel and the guardian of all testing and treatment plan meetings, to prepare a report, and to appear at a status conference. The order also requires, if the ward is eligible, that DCF make a recommendation as to such services, or to state reasons and rights of appeal if he is ineligible for services.
DCF is not a party to the guardianship proceedings, and it did not receive notice or an opportunity to be heard before the court entered the order. We agree with DCF that the circuit court exceeded its authority under the guardianship statutes. See Ch. 744, Fla. Stat. (2005).
The statutes requires one seeking developmental services to submit a written application to DCF. See § 393.065(1), Fla. Stat. (2005). DCF is required to notify the applicant of its eligibility determination. See § 393.065(3), Fla. Stat. (2005). DCF’s decision is subject to an administrative appeal. There is no requirement that DCF notify a court or any counsel in guardianship proceedings of its determination.
Nothing in the guardianship statutes authorizes the court to create its own procedure for assessment for developmental services, and there is no evidence that DCF has failed to comply with its obligations under section 393.065.
Accordingly, we grant the petition and quash the circuit court’s order.
STEVENSON, C.J., FARMER and MAY, JJ., concur.